### ED. A. CAPLES v. THE STATE.

No. 6651. Decided February 15, 1922.

**Negligent Homicide—Practice in Trial Court—Reforming Judgment.**

Where defendant was tried in the County Court for negligent homicide, of the second degree, and waived a jury and submitted the evidence to the court, who found him guilty, and the judgment described the offense simply as negligent homicide, where it should have named the degree, yet, in the absence of a motion in arrest of judgment, or new trial, setting up this cause, the judgment below is affirmed, as the same could have been reformed if the point had been raised at the proper time. Following Terry v. State, 30 Texas Crim. App., 408.

Appeal from the County Court of El Paso. Tried below before the honorable J. M. Deaver.

Appeal from a conviction of negligent homicide; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Jones, Jones, Hardie & Grambling,* for appellant.—Cited Talbot v. State, 125 S. W. Rep., 906.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at Law of El Paso county of negligent homicide, and his punishment fixed at thirty days in the county jail.

Appellant was charged by information in said court with negligent homicide, said information containing four counts in each of which it was charged that the homicide was committed by appellant while engaged in an unlawful act. From the record it appears that appellant, while operating an automobile, struck a child and

killed it. In two of said counts the unlawful act was alleged to be the driving of said car at an excessive rate of speed. See Art. 820-0, Vernon's Compiled Statutes of 1920. The other two counts charged the operation of said car by appellant while intoxicated. Art. 820h, id. It would necessarily follow that a conviction under any of said counts must have been for negligent homicide of the second degree, an essential element in such crime being that the homicide must be committed while engaged in an unlawful act. A jury was waived, and upon trial before the court, appellant was adjudged guilty, the judgment describing the offense simply as negligent homicide. The only complaint here made is that the judgment should have named the degree of such homicide of which appellant was found guilty. No motion in arrest of judgment, or for new trial upon such ground, was made. Had this been done, under the well known power of trial courts to reform their judgments during the trial term, doubtless the matter complained of would have been corrected. This being a misdemeanor case, and the penalty given being that affixed by statute, we think the judgment as entered was final, and sufficient in form to direct the punishment of appellant thereunder. Terry v. State, 30 Texas Crim. App. 408; Arts. 867-868, Vernon's C. C. P.

The judgment will be affirmed.

*Affirmed.*