## EX PARTE J. M. WALTRIP.

No. 20791. Delivered October 18, 1939.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court of Taylor County by complaint and information alleging in the first count that he was in possession for the purpose of sale of malt liquor, to-wit: beer, in dry area, and in the second count that he sold malt liquor, to-wit: beer, in dry territory to a named party. By proper averments the fact of Taylor County being "dry area" was alleged.

Appellant entered his plea of guilty before the County Judge, waiving a jury. The following judgment was entered in the minutes of the County Court:

"The State of Texas vs. J. M. Waltrip.
"Charge: Liquor Law Violation
"No. 10208
"Date: Mar. 10, 1938
"This day this cause was called for trial, and both parties appeared and announced ready for trial, and the defendant, J. M. Waltrip after being duly admonished of the consequences

thereof by the Court, pleaded guilty to the charge herein, and waived a trial by jury and submitted his cause to the Court.

"Wherefore it is considered by the Court, that the defendant is guilty as charged, and his punishment is assessed at a fine of One Hundred & No/100 Dollars and — days' imprisonment in the county jail.

"It is therefore considered and adjudged by the Court, that the State of Texas do have and recover of the defendant J. M. Waltrip the said fine of One Hundred and No/100 Dollars and all costs of this prosecution and that he be imprisoned in the County jail of Taylor County, Texas, for — — days, and the defendant being present in Court is placed in the custody of the sheriff—who will commit him forthwith to the jail of said county—until said period of imprisonment has expired, and thereafter-until said fine and costs are fully paid.

"It is further ordered by the Court that execution may issue against the property of said defendant for the amount of said fine and costs.

"Defendant appeared in person and by attorney and entered a plea of guilty and fined $100.00 and costs."

Appellant failed to pay his fine and costs. A capias pro fine was issued under which he was taken into custody. He sought release by a writ of habeas corpus before Hon. M. S. Long, District Judge. Upon a hearing he was remanded to custody and from said order this appeal is prosecuted.

As we understand it appellant sought relief through habeas corpus proceeding on the theory that the judgment of conviction was a void judgment and thus subject to attack in the manner indicated.

While the judgment in question may be subject to some criticism we do not discover any defect therein which could not have been corrected by direct proceeding in the trial court, or by this court if appeal had been prosecuted. We do not believe the judgment is void. See Terry v. State, 30 Tex. Cr. R.. 408; Ex parte Dickerson, 30 Tex. Cr. R. 448; Caples v. State, 91 Tex. Cr. R. 111, 237 S. W. 923; Ex parte Cross, 284 S. W. 584.

The judgment remanding appellant is affirmed.